UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MEYLIN JAMILETH BASILES-ZELEDON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00164-TWP-KMB |
| | ) | |
| OFFICER SCOTT MAPLES in his official | ) | |
| Sheriff/Jailer of Michael L. Beacher Adult | ) | |
| Correction Complex, | ) | |
| SAMUEL OLSON Field Office Director for ICE | ) | |
| Chicago Field Office, | ) | |
| TODD LYONS in his official capacity as Acting | ) | |
| Director of Immigration and Customs | ) | |
| Enforcement, | ) | |
| MARKWAYNE MULLINS Secretary of | ) | |
| Homeland Security, | ) | |
| TODD BLANCHE U.S. Attorney General, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

Noncitizen Meylin Basiles-Zeledon petitions for a writ of habeas corpus. She challenges

the lawfulness of her continued detention at the Clark County Jail, where she is detained on behalf

of U.S Immigration and Customs Enforcement (ICE). The Court **grants** Ms. Basiles-Zeledon's

petition and orders the respondents to either afford her a bond hearing or release her from custody.

**I. Facts**

Ms. Basiles-Zeledon is a Nicaraguan citizen and national. Dkt. 6-1 at 5.  She entered the

United States on January 3, 2023, near Del Rio, Texas. She did not enter through a port of entry.

*Id.* at 2.

Border Patrol agents apprehended Ms. Basiles-Zeledon the day she entered the United

States. *Id.* Immigration officials deemed her inadmissible, but they did not detain her. *Id.* Instead,

they granted her parole through March 5, 2023, and permitted her to enter the United States. *Id.* at 11.

Local authorities arrested Ms. Basiles-Zeledon on May 20, 2026, in Harrison County, for driving without a license. *Id.* at 2. ICE placed a detainer and issued an administrative warrant "command[ing]" that she be taken into federal custody under 8 U.S.C. § 1226. *Id.* at 2, 10. She entered ICE custody and remains in ICE custody at the Clark County Jail. She has not received a bond hearing.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Ms. Basiles-Zeledon argues that her continued detention violates the Fifth Amendment's Due Process clause and the Fourth Amendment's protection against unreasonable seizures. The respondents answer that the Immigration and Nationality Act (INA) requires the government to detain her through the conclusion of her removal proceedings.

The record reflects that Ms. Basiles-Zeledon is not subject to mandatory detention as the respondents argue but that she is statutorily eligible for discretionary release on bond. Therefore, the Court grants her petition to the extent it orders the respondents to afford her a bond hearing or release her from detention. Because she is eligible for relief under the statute, the Court does not reach her constitutional arguments.

### A.    8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v.*

*Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see* also 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

3

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.     Ms. Basiles-Zeledon's Detention Is Authorized by § 1226(a)**

The record reflects that Ms. Basiles-Zeledon's detention is authorized by § 1226(a), not § 1225(b)(2) as the respondents insist. As discussed further below, this makes her eligible for a bond hearing, and her continued detention without a bond hearing violates the INA.

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Basiles-Zeledon who have lived in the interior of the United States for years. *See Mohammed v. Olson*, No. 1:25-cv-02404-TWP-MKK, 2025 WL 3541819, at *3–5

4

(S.D. Ind. Dec. 10, 2025). As the Court has previously explained, the respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See Alejandro v. Olson*, 817 F. Supp. 3d 672, 681–85 (S.D. Ind. 2025).

In *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, a decision that carries persuasive authority due to its procedural posture,[1] the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th 1048, 1061 (7th Cir. 2025) (*Castañon-Nava I*). This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion.

The respondents urge the Court to deviate from its previous decisions. They support that position with citations to numerous decisions upholding the government's interpretation of § 1225(b)(2)(A), including two recent circuit court decisions: *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

In *Buenrostro-Mendez*, the Fifth Circuit found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503.[2] In *Avila*, the Eighth Circuit similarly

---

[1] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

[2] *Buenrostro-Mendez* is somewhat complicated by *Rodriguez v. Ortega*, --- F.4th ---, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026). The Fifth Circuit left *Buenrostro-Mendez*'s interpretation of §§ 1225 and 1226 in place but also held that noncitizens subject to detention under § 1225(b)(2)(A) have a Fifth Amendment due process right to a bond hearing. *Id.* at *16 ("We conclude that the Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing. . . . We are not

held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th 1128, 1135 (8th Cir. 2026).

In contrast, four circuit courts have rejected the respondents' expansive interpretation of § 1225 in recent weeks and embraced reasoning similar to the Seventh Circuit's in *Castañon-Nava I. See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026);[3] *Hernandez Alvarez v. Warden, et al.*, 175 F.4th 1258 (11th Cir. 2026);[4] *Lopez-Campos, et al. v.*

---

ordering any particular process, and it is for the defendants to determine in what manner to provide such a hearing within those 90 days. . . . Our only requirement is that a hearing must be held within 90 days of the commencement of detention and that at the hearing, the Government must articulate an individualized justification for further detention without bond.").

To further complicate matters, the Fifth Circuit recently vacated its panel decision in *Rodriguez* after granting rehearing *en banc*. 2026 WL 2014647 (5th Cir. July 10, 2026).

Because this Court concludes that Ms. Basiles-Zeledon is entitled to a bond hearing by § 1226(a), the Court need not consider *Rodriguez*'s application to this case or what relief might be available under the Fifth Amendment.

[3] "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border." *Id.* at \*7 (footnote omitted).

[4] "Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country. Nowhere in the text, structure, or history of the INA does that reading find steady footing. We are obliged to read the words found in the statute—'an alien who is an applicant for admission' and 'an alien seeking admission'—in line with the meaning Congress has given them. When we do so, it appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years." *Id.* at 1285.

*Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026);[5] *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026).[6]

The Court is not convinced that the Seventh Circuit will depart from *Castañon-Nava I* (and disagree with the Second, Sixth, Tenth, and Eleventh Circuits) to instead follow *Buenrostro-Mendez* or *Avila*. Therefore, the Court continues to rely on *Castañon-Nava I* as persuasive precedent.[7]

Furthermore, the respondents' legal reasoning cannot be reconciled with the government's treatment of Ms. Basiles-Zeledon. When Ms. Basiles-Zeledon entered the United States, the government promptly apprehended her but did not subject her to mandatory detention as the respondents now argue the law requires. The government permitted her to enter the United States on parole, free from detention. When the government arrested her, it did so subject to a warrant explicitly authorizing her detention pursuant to § 1226. The government cannot now plausibly maintain that she is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6

---

[5] "We therefore find that an 'applicant for admission' is not necessarily 'seeking admission.' Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them. And since '§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings,' Petitioners could have been detained pursuant to only § 1226." *Id.* at 732.

[6] "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive. . . . [B]ecause Section 1225(b)(2)(A) applies only to a noncitizen who is both an 'applicant for admission' and 'seeking admission,' it does not apply to Petitioner." *Id.* at 72–73.

[7] The Seventh Circuit has also issued its merits ruling in *Castañon-Nava*, 175 F.4th 828 (7th Cir. 2026) (*Castañon-Nava II*). The ultimate issue in *Castañon-Nava* was ICE's compliance with a consent decree prohibiting it from arresting noncitizens without warrants. While one judge reaffirmed the § 1225-1226 analysis that resolved the preliminary injunction motion, one reaffirmed his dissent from that analysis, and one found the § 1225-1226 issue was not necessary to resolve the case on the merits. Accordingly, *Castañon-Nava I*'s preliminary injunction ruling remains persuasive authority as the only Seventh Circuit panel decision on the § 1225-1226 issue.

(S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

In sum, the record demonstrates that Ms. Basiles-Zeledon's detention is authorized only by § 1226(a), entitling her to consideration of bond.

**C.     Scope of Relief**

By statute, Ms. Basiles-Zeledon is eligible for release on bond under § 1226(a), but she has not received a bond hearing. Her continued detention without a bond hearing therefore violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Ms. Basiles-Zeledon argues that immediate release is the appropriate remedy. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Ms. Basiles-Zeledon is subject to § 1226(a), which allows the government to "continue to detain" her. 8 U.S.C. § 1226(a)(1). Ms. Basiles-Zeledon's custody is not unlawful for the reason that the government lacks authority to detain her; it is unlawful only to the extent she has been deprived of the bond hearing that the law requires.

**D.     Remaining Claims**

Because the Court has found that Ms. Basiles-Zeledon's detention violates the INA, it need not reach her claim that her detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary

constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

The Court also does not address Ms. Basiles-Zeledon's Fourth Amendment arguments, which cannot be properly adjudicated in this action. "[O]nce deportation proceedings have begun the legality of the alien's detention"—or, more precisely on the facts of that case, the legality of the alien's *arrest*—"can no longer be tested by way of a habeas corpus proceeding." *Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982). Indeed, in the analogous context of pretrial criminal confinement, once probable cause is established and the prosecution has commenced, the defendant's remedies are available only in the context of the criminal proceeding. *Bridewell v. Eberle*, 730 F.3d 672, 676–77 (7th Cir. 2013) ("Bridewell . . . cannot show injury. The state judge concluded that probable cause existed to find that she had shot Chandler and ordered her to be held—and also revoked her bail on the drug-distribution charge. . . . Events showed that Bridewell had been arrested properly and was not entitled to release on bail. If the police had complied with [*County of Riverside v. McLaughlin*, 500 U.S. 44, 111 (1991)], she would have learned these things a little sooner but would have remained in jail. This means that she was not injured by the delay.). Ms. Basiles-Zeledon's recourse for any violation of her Fourth Amendment rights exists only in the context of her removal process.

### III. Conclusion

The petition for a writ of habeas corpus is **GRANTED** insofar as the respondents will have **ten days**[8] to either (1) provide Ms. Basiles-Zeledon with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations, or (2) release her from detention under reasonable conditions of supervision. If the respondents hold a bond hearing, the

---

[8] This deadline may be modified without need for Court involvement upon agreement by Ms. Basiles-Zeledon and the federal respondents.

attorney general is ordered to notify Ms. Basiles-Zeledon's counsel of the scheduling of the bond hearing. Respondents must file documentation certifying that they have either provided the bond hearing or released Ms. Basiles-Zeledon within **four days** after the hearing or her release, whichever is applicable.

The petition is **denied** to the extent it seeks immediate release.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 7/22/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Rania Attum
rania@attumlaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov